UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN HOWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 10-2924-STA-tmp |
| | ) | |
| FIRST TENNESSEE BANK NATIONAL | ) | |
| ASSOCIATION, also doing business | ) | |
| as FIRST HORIZON NATIONAL | ) | |
| CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
COMPLAINT AND FINDING AS MOOT DEFENDANT'S MOTION TO DISMISS

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint (D.E. # 20),

filed on February 8, 2012.  Defendant filed a Response (D.E. # 21) on February 22, 2012.  Also

before the Court is Defendant's Motion to Dismiss (D.E. # 4) filed on March 11, 2011.  Plaintiff

Filed a Response (D.E. # 11) on April 20, 2011.  Defendant filed a Reply (D.E. #14) on May 9,

2011.  For the reasons sets forth below, Plaintiff's Motion is **GRANTED**, and Defendant's

Motion to Dismiss is found to be **MOOT**.

## BACKGROUND

Plaintiff filed his Complaint on December 22, 2010, alleging age discrimination in

violation of the Tennessee Human Rights Act ("THRA").  (D.E. # 1.)  Defendant then filed a

Motion to Dismiss on March 11, 2011.  (D.E. # 4.)  Plaintiff filed a Response on April 20, 2011,

which contained a paragraph requesting leave to amend the Complaint.  (D.E. # 11.)  Defendant

filed a Reply on May 9, 2011.  (D.E. # 14.)  To the extent that Plaintiff's Response contained a

Motion to Amend the Complaint, the Court denied that Motion without prejudice on January 30,

2012, and gave Plaintiff fourteen days to file an appropriate Motion to Amend the Complaint.

(D.E. # 19.)  Plaintiff then filed the Motion to Amend now before the Court on February 8, 2012.

(D.E. #20.)  Along with his Motion, Plaintiff attached his Proposed Amended Complaint as an

exhibit.  (D.E. # 20-1.)  Defendant filed a Response in Opposition to Plaintiff's Motion to

Amend on February 22, 2012.  (D.E. # 21.)

Plaintiff's Proposed Amended Complaint sets forth a claim of age discrimination in

violation of the THRA.   Plaintiff alleges that he applied for employment with Defendant at least

twenty-three times, beginning on October 21, 2009.  (Proposed Am. Compl., D.E. # 20-1, ¶ 6-7.)

Through an online application process, he applied for the positions of "Financial Service

Representative, Financial Sales Representative, and Financial Sales Representative (Floater)."

(*Id.* ¶ 6.)  He asserts that he submitted twelve of these applications between the dates of February

23, 2010 and September 21, 2010.  (*Id.* ¶ 7.)  Plaintiff was sixty-three years old when he

submitted these applications.  (*Id.* ¶ 2.)  As "required or requested" by Defendant, Plaintiff

provided the year that he completed his college education, 1972, on each of the online

applications.  (*Id.* ¶ 12-13.)

Plaintiff alleges that the job requirements for the Financial Service Representative

positions "include[] a Bachelor's degree or [the] equivalent in related experience; two or more

years experience with high performing sales demonstrated through sales awards, incentives and

recognition; experience in a financial services environment; proven leadership ability,

supervision of two or more subordinate employees; and a willingness to acquire Wealth

Management licenses, including series 6, 63 or 7." (*Id.* ¶ 9.)  Plaintiff further asserts that "[t]he

description of the position of Financial Sales Representative was similar, but required only a

high school diploma." (*Id.* ¶ 10.)  Plaintiff alleges that he holds a Bachelor's degree, "multi-lines

insurance licenses," and "series 6 and 63 securities licenses." (*Id.* ¶ 11.)  Further, he states that

he has twenty-seven years of experience in the financial services sector, "including management

experience." (*Id.*)  Plaintiff was interviewed for only one position, Financial Sales

Representative (Floater), in April of 2010.  (*Id.* ¶ 14.)  Defendant did not hire Plaintiff to fill that

position or any other position.  (*Id.* ¶ 15.)

Plaintiff asserts that, as one of Defendant's customers, he made regular visits to

Defendant's various branches.  (*Id.* ¶ 16.)  He alleges that after learning that he was not hired for

the "Floater" position in April of 2010, he began to observe at the various branches that the

Financial Sales and Services Representatives seemed to be almost exclusively "young persons in

their twenties and thirties." (*Id.* ¶ 17.)

Plaintiff "avers . . . on the basis of . . . Defendant['s] . . . records, that . . . Defendant . . .

consistently and systematically interviewed and hired other applicants for these positions who

were substantially younger and less-qualified than . . . Plaintiff." (*Id.* ¶ 19.)  He alleges that

Defendant "hired five or more persons for these positions who had no college degree." (*Id.* ¶

20.)  Further, he states that "most of the others" who received the positions "were very recent

college graduates and many of them had no experience whatsoever in the financial services

industry," and that "[n]one of them held securities licenses." (*Id.*)  Based on the totality of these

allegations, Plaintiff asserts that Defendant discriminated against him in its hiring process on the

basis of his age in violation of the THRA.  (*Id.* ¶ 23.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), a pleading may be amended "only by leave of court[,] . . . and leave shall be freely given when justice so requires."[1]  A motion to amend a complaint should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nonmovant, or futility.[2]  A trial court may appropriately assess the legal sufficiency of a contemplated amendment in considering the propriety of granting leave to amend under Fed. R. Civ. P. 15(a) and deny the motion if amendment would be futile.[3]  Amendment would be futile if the proposed amended complaint would fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Because Defendant has argued that Plaintiff's Proposed Amended Complaint cannot withstand a motion to dismiss, the Court will proceed with Rule 15(a)(2)'s futility analysis and evaluate the Proposed Amended Complaint under Rule 12(b)(6).

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[4]  However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including "conclusory

---

[1]    Fed. R. Civ. P. 15(a)(2).

[2]    *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

[3]    *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[4]    *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

allegations" need not be accepted as true.[5]  To avoid dismissal under Rule 12(b)(6), "the

complaint must contain either direct or inferential allegations" with respect to all material

elements of the claim.[6]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a

short and plain statement of the claim showing that the pleader is entitled to relief[.]"[7]  Although

this standard does not require "detailed factual allegations," it does require more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."[8]  To survive a

motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a

right to relief above the speculative level" and to "state a claim to relief that is plausible on its

face."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## ANALYSIS

### Plaintiff's Motion to Amend the Complaint

As the Court is sitting in diversity, state substantive law governs the cause of action.[11]

---

[5]     *Id.*

[6]     *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[7]     Fed. R. Civ. P. 8(a)(2).

[8]     *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[9]     *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[10]    *Iqbal,* 129 S. Ct. at 1949.

[11]    *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

The THRA prohibits discrimination in employment on the basis of "race, creed, color, religion, sex, age, or national origin."[12]  Tennessee courts have noted that "[t]he same general analytical framework and allocation of the burden of proof is used for claims under both federal and Tennessee statutes, irrespective of whether the claim asserts discrimination on the basis of race, age, sex, or any other class protected under the [THRA]."[13]  Although an age discrimination plaintiff can prove his or her case with direct or circumstantial evidence, if the plaintiff has no direct evidence of discrimination, courts analyze his or her claims under the *McDonnell Douglas* burden shifting analysis.[14]

Here, Plaintiff's Proposed Amended Complaint has not presented direct evidence of age discrimination; therefore the Court will apply the *McDonnell Douglas* analysis.  Under this analysis, a plaintiff establishes a prima facie case of age discrimination under the THRA by showing that "(1) he was at least [forty] years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) the successful applicant was substantially younger than the plaintiff."[15]

However, an employment discrimination plaintiff need not plead specific facts establishing a prima facie case of discrimination to survive a motion to dismiss.[16]  In *Swierkiewicz*, a national origin and age discrimination case, the Supreme Court held that although

---

[12]     Tenn. Code Ann. § 4-21-101(a).

[13]     *Bundy v. First Tenn. Nat'l Bank*, 266 S.W.3d 410, 416 (Tenn. Ct. App. 2007).

[14]     *See id.*

[15]     *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1996).

[16]     *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002).

the *McDonnell Douglas* framework is an evidentiary standard, it does not establish a heightened

pleading requirement for discrimination plaintiffs.[17]  Thus, to require a plaintiff to plead specific

facts establishing a prima facie case of discrimination in the failure to hire context misconstrues

the purpose of the *McDonnell Douglas* framework.[18]  Further, the Supreme Court noted that such

a standard would sometimes require a plaintiff "to plead more facts than he may ultimately need

to prove to succeed on the merits if direct evidence of discrimination is discovered."[19]

Although *Swierkiewicz* was decided prior to *Twombly* and *Iqbal*, which established the

current federal pleading standards, the Sixth Circuit has stated that it has "no basis for concluding

that *Swierkiewicz* is no longer good law."[20]  Therefore, to survive a motion to dismiss, an

employment discrimination complaint must set forth facts that render the right to relief plausible

from the face of the complaint; specific facts establishing every element of a prima facie case are

not required.[21]

District courts in the Sixth Circuit have adhered to the *Swierkiewicz* rule that an

employment discrimination plaintiff need not plead specific facts to establish a prima facie case.

---

[17]     *Id.*

[18]     *See id.* at 510-11.

[19]     *Id.* at 511-12.

[20]     *Lindsay v. Yates*, 498 F.3d 434, 440 n.6 (6th Cir. 2007).  Although *Lindsay* was decided prior to *Iqbal*, *Iqbal* extended *Twombly*'s plausibility standard to all federal civil cases. Thus, the Court finds its reliance on *Lindsay*'s statement to be appropriate.

[21]     *Twombly*, 550 U.S. at 570 (2007); *Pedreira v. Kentucky Baptist Homes for Children*, 579 F.3d 722, 728 (6th Cir. 2009); *Kasten v. Ford Motor Co.*, No. 09-11754, 2009 WL 3628012, at *4 (E.D. Mich. Oct. 30, 2009) (stating that "read together, *Swierkiewicz* and *Twombly* require employment discrimination plaintiffs to allege sufficient material facts to state a plausible claim for relief, but do not mandate doing so on every element of the *McDonnell Douglas* prima facie case").

For example, the Eastern District of Tennessee denied a motion to dismiss a plaintiff's claim of

age discrimination where the complaint alleged that plaintiff was over the age of forty, was

qualified for the position in question, and was denied the position because of his age.[22]  In *FPM*

*Group*, the complaint did not specifically identify the substantially younger person who was hired

to fill the position, which is an element of the *McDonnell Douglas* framework.[23]  Despite this

omission, the court denied the motion to dismiss.[24]  Similarly, in a race and gender discrimination

case, the Eastern District of Michigan denied a motion to dismiss where the defendant asserted

that the complaint must include "detailed factual allegations as to the position in question, the

time period, and the name of the person who replaced [the plaintiff]."[25]

Turning to the case at bar, the *McDonnell Douglas* factors guide the Court's analysis as it

determines whether Plaintiff has set forth sufficient factual support.  Plaintiff was sixty-three

years old at the time of the events alleged in the Proposed Amended Complaint.[26]  Therefore, he is

a member of the protected class, and the first element of the *McDonnell Douglas* framework is

satisfied.  Further, Plaintiff's Proposed Amended Complaint alleges that Defendant did not hire

him.[27]  Thus, he has sufficiently alleged that he suffered an adverse employment action, and the

second element is satisfied.

---

[22]     *EEOC v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 965 (E.D. Tenn. 2009).

[23]     *See id.*

[24]     *Id.*

[25]     *Brown v. Potter*, No. 10-12374, 2011 WL 2682644, at *3 (E.D. Mich. July 11, 2011).

[26]     (Proposed Am. Compl. ¶ 2.)

[27]     (*Id.* ¶ 15.)

The third *McDonnell Douglas* element requires that the plaintiff be qualified for the position in question.  The Court will address each qualification identified by the Proposed Amended Complaint in turn.  First, Plaintiff asserts that two of the positions required a bachelor's degree or the equivalent in related experience, and one of the positions required only a high school diploma.[28]  He alleges that he has a bachelor's degree, which satisfies this requirement for either position.[29]

Next, the positions required "two or more years of experience with high performing sales demonstrated through sales awards, incentives[,] and recognition" and "experience in a financial services environment."[30]  Plaintiff alleges that he has twenty-seven years of experience in the financial services sector, thereby satisfying the requirement of "experience in the financial services environment."[31]  However, he did not allege that he had "high performing sales" experience.  Defendant has made no argument concerning Plaintiff's qualifications in this regard.  Thus, although Plaintiff has not pled that he has experience in "high performing sales," the Court assumes that someone who has worked for twenty-seven years in financial services has attained such experience.  Additionally, the positions required experience supervising two or more subordinate employees.[32]  Plaintiff asserts that he gained "management experience" during his twenty-seven years in the financial services sector, and the Court assumes that any management

---

[28]   (*Id.* ¶ 9-10.)

[29]   (*Id.* ¶ 11.)

[30]   (*Id.* ¶ 9.)

[31]   (*Id.* ¶ 11.)

[32]   (*Id.* ¶ 9.)

position would necessarily include supervising two or more subordinates.  Therefore, Plaintiff

satisfies this qualification.[33]

Lastly, Plaintiff states that the positions required the "willingness to acquire Wealth

Management licenses, including series 6, 63, or 7."[34]  According to Plaintiff, he already holds

"multi-lines insurance licenses and series 6 and 63 securities licenses."[35]  Although Plaintiff

describes these licenses as "securities licenses," the Court interprets these licenses to be

equivalent to the "Wealth Management licenses" required by Defendant.  In any case, Defendant

has not argued that Plaintiff has failed to meet this specific qualification.  Therefore, the Court

finds that Plaintiff has satisfied this qualification.

At this stage of litigation, the Court must accept the factual allegations of the job

requirements and Plaintiff's qualifications as true.  Despite Plaintiff's failure to show his

experience in "high performing sales," the Proposed Amended Complaint satisfies all of the other

alleged job requirements.  Viewing these assertions in the light most favorable to Plaintiff, and

because Plaintiff has established that he met the majority of the qualifications required, the Court

finds that the Proposed Amended Complaint satisfies the third element.

Finally, as part of a prima facie showing under *McDonell Douglas*, an age discrimination

plaintiff is required to show that he or she was rejected in favor of someone substantially younger.

While Plaintiff does not specify who Defendant hired for the positions, he asserts that, based on

his own observations, the positions were filled exclusively by people in their "twenties or

---

[33]     (*Id.* ¶ 11.)

[34]     (*Id.* ¶ 9.)

[35]     (*Id.* ¶ 11.)

thirties."[36]  Plaintiff further asserts that he was more qualified than these younger individuals, several of whom he alleges had no college degree.  Although Plaintiff's allegations do not conclusively answer the question set forth in the final *McDonnell Douglas* requirement, *Swierkiewicz* acknowledges that certain information may not be available to an employment discrimination plaintiff prior to discovery.  The precise identities and ages of the individuals who received these positions are similar to the kind of specific information not required by *Swierkiewicz* at the pleading stage.  Therefore, while Plaintiff's Proposed Amended Complaint does not conclusively establish the final *McDonnell Douglas* requirement, it satisfies the element at this stage of litigation.

Based on the above considerations, and viewing all allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff's Proposed Amended Complaint states a plausible claim for relief.  Therefore, the Court finds that Plaintiff's Proposed Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and that amendment of the Complaint would not be futile.  Thus, Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED**.  Plaintiff is hereby instructed to file his Amended Complaint as a separate docket entry.

Defendant's Motion to Dismiss

Because the Court has permitted Plaintiff to amend the Complaint, the Court now turns to Defendant's Motion to Dismiss (D.E. # 4), filed on March 11, 2011.  Because Plaintiff has amended his Complaint, the Amended Complaint will supersede the original Complaint.  Therefore, because Defendant moved to dismiss the original Complaint, Defendant's Motion to Dismiss is found to be **MOOT.**

---

[36]        (*Id.* ¶ 17.)

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend the Complaint is

**GRANTED**, and Defendant's Motion to Dismiss is found to be **MOOT**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 24th, 2012.